This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37957**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ROBERT B. BACA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** Defendant has appealed from a conviction for possession of a controlled substance. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded.

**{2}** Defendant has raised one issue, challenging the denial of his motion to suppress. [DS 9; MIO 1] In this context, we review the district court's factual determinations for

substantial evidence, and review the legal conclusions de novo. *State v. Leyva*, 2011-NMSC-009, ¶ 30, 149 N.M. 435, 250 P.3d 861.

**{3}** As previously described at greater length, the search in question occurred in connection with an attempt by federal and state law enforcement agents to apprehend a homicide suspect. [DS 3; RP 95] Defendant was observed standing beside the suspect's vehicle at a gas station. [MIO 2] As the federal marshals approached, shots were fired. [DS 3-4; RP 95-96] Defendant dropped to the ground, and the suspect fled in the vehicle. [DS 4; RP 96] Not knowing who had fired the shots, or who was being shot at, [RP 96] Agent McCarty immediately searched Defendant for injuries, and then for weapons. [DS 4; RP 96] In the course of the pat-down he found syringes containing heroin. [DS 5; MIO 3] Defendant's convictions are premised upon his possession of those items. [DS 5; MIO 3]

**{4}** Defendant argues that the pat-down was unlawful. [MIO 1, 4-9] However, as we previously observed in the notice of proposed summary disposition, [CN 3-5] the situation presented in this case, entailing an attempt to apprehend a homicide suspect and shots fired, supported a reasonable belief that Defendant might be armed and dangerous, such that the protective frisk was justified. *See, e.g.*, *State v. Johnson*, 2010-NMCA-045, ¶ 13, 148 N.M. 237, 233 P.3d 371 (holding that a patdown was permissible where police were investigating a report of shots fired and the defendant, who was in the passenger seat of one of the described vehicles, was making furtive movements); *see also State v. Gutierrez*, 2004-NMCA-081, ¶ 11, 136 N.M. 18, 94 P.3d 18 (observing, in the context of a challenge to a search and seizure incident to arrest, that "[i]n weighing the safety concern of law enforcement officers, we [have] acknowledged the risks of danger to an arresting officer in these unpredictable and highly charged situations," in light of which "the presence at the scene of persons other than the arrestee may justify searching for weapons in their immediate vicinity" (internal quotation marks and citations omitted)). *See generally State v. Talley*, 2008-NMCA-148, ¶ 19, 145 N.M. 127, 194 P.3d 742 (describing the relevant legal principles); *State v. Lovato,* 1991-NMCA-083, ¶¶ 26-27, 112 N.M. 517, 817 P.2d 251 (explaining that officers may adopt precautionary measures based on reasonable fears, and holding that officers investigating a drive-by shooting were justified in conducting a protective frisk "in view of the level of danger the officers reasonably could assume to exist," given the nature of the crime being investigated).

**{5}** In his memorandum in opposition Defendant argues that the federal marshals who accompanied Agent McCarty impermissibly "created the exigency" by firing the shots, [MIO 1] such that the ensuing search should be deemed unlawful. [MIO 5-6] However, as Defendant tacitly acknowledges, [MIO 5] the record is not clear on this point. In any event, when assessing the reasonableness of an officer's concern, we must consider the information that was known by the officer at the time. *See State v. Vargas*, 2008-NMSC-019, ¶ 12, 143 N.M. 692, 181 P.3d 684 (stating that the reasonableness inquiry looks at the information known to officers at the time). Agent McCarty testified that at the time, he did not know where the shots had originated or whether Defendant had fired. [RP 71-72] In light of this testimony, as well as the

deferential standard of review, we reject Defendant's argument. *See generally State v. Hubble*, 2009-NMSC-014, ¶ 8, 146 N.M. 70, 206 P.3d 579 ("We objectively examine whether the facts available to the officer warrant the officer, as a person of reasonable caution, to believe the action taken was appropriate."); *State v. Hamilton*, 2012-NMCA-115, ¶ 12, 290 P.3d 271 (explaining that in this context,"all facts are viewed in a light most favorable to the prevailing party" and "all reasonable inferences in support of the court's decision will be indulged in, and all inferences or evidence to the contrary will be disregarded").

{6}     Defendant also asserts that Agent McCarty lacked individualized, articulable suspicion that Defendant was armed and dangerous, [MIO 6-7] contending that the State failed to establish "any connection" between Defendant and the homicide suspect, and that Defendant exhibited no behavior which might give rise to safety concerns. [MIO 7-8] Once again, this argument is premised on a view of the evidence which is singularly favorable to Defendant, and inconsistent with our standard of review. As previously stated, viewing the evidence and drawing all inferences in the light most favorable to the State, Defendant was observed standing at a gas pump beside the passenger side of the homicide suspect's vehicle, such that Defendant appeared to be traveling with the suspect. [RP 70, 95] Shots were fired almost immediately, and at that point in time, Agent McCarty did not know whether Defendant had fired the shots. [RP 70-72, 96] As previously stated, an officer may reasonably develop justifiable safety concerns, even if the officer is uncertain about the precise nature or source of the danger presented. *See Talley*, 2008-NMCA-148, ¶ 19 ("The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent officer in the circumstances would be warranted in the belief that his safety or that of others was in danger." (alterations, internal quotation marks, and citation omitted)). "If it could be found that reasonable people might differ, the courts have deferred in favor of the officer's good judgment." *Id.* (internal quotation marks and citation omitted). Under the circumstances, we conclude that Agent McCarty's safety concerns were reasonable, such that the patdown was permissible. We therefore reject the assertion of error.

{7}     Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

{8}     **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**KRISTINA BOGARDUS, Judge**